## Case No. 12,907.

### In re SINNETT.

[4 Sawy. 250.] [1]

District Court, D. Nevada. May 10, 1877.

BANKRUPTCY — HOMESTEAD — CREDITORS' LIEN— RIGHT TO ENFORCE.

1. The homestead of the bankrupt never comes within the jurisdiction of the bankruptcy court, and a creditor may enforce his lien thereon while the bankruptcy proceedings are pending.

2. The assignee should include the homestead in his report of exempt property.

[Cited in Re McKenna, 9·Fed. 36.]

[In the matter of Matthew Sinnett, a bankrupt.]

Lewis & Deal, for petitioner.
M. A. Kelton, for respondent.

HILLYER, District Judge. In this matter Lonkey & Smith, who claim to have a lien on the homestead of the bankrupt, have petitioned for leave to sue in one of the state courts for the purpose of enforcing their alleged lien. They also ask an order restraining the assignee from designating the premises as a homestead in his report of exempt property.

It is admitted that the premises in question are the homestead of the bankrupt. Being a homestead, no interest in it passes to the assignee by the assignment, nor is the title of the bankrupt thereto impaired or affected by any of the provisions of the bankrupt act. Rev. St. § 5045. Such exempt property never comes within the jurisdiction of the bankruptcy court.

I do not think that section 5106 of the bankrupt act should be so construed as to prohibit a suit against the bankrupt to enforce a lien on property of that description either in the state courts or elsewhere. Where a creditor claims a lien on property which passes to the assignee, the proper place to enforce it is the court of bankruptcy. Where, however, the lien is claimed on property which does not so pass, it would seem that no provision of the bankrupt act is violated by leaving the parties interested to prosecute their suit at any time. Such suits are wholly without the operation of section 5106, which must be held to prohibit only those suits against the bankrupt which relate to property, or rights of property, within the jurisdiction of the bankruptcy court. Leave to sue, in a case like the present, is perhaps unnecessary; but as the creditors have seen fit to ask it, no objection is seen to granting their petition in this respect. Upon the other point although there seems to be a want of uniformity in practice, I conclude that it is better, and fairly within the requirements of general order 19, and section 5045 of the bankrupt act, that the assignee should include in his report of exemptions the homestead as well as the other

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

articles and necessaries. The same reason exists for the one as the other.

Ordered accordingly.